**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INDIVIOR INC., INDIVIOR UK LIMITED, and MONOSOL RX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN TECHNOLOGIES INC., MYLAN PHARMACEUTICALS INC., and MYLAN N.V.,<br><br>Defendants. | C.A. No. 15-1016-RGA |
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, AND MONOSOL RX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ALVOGEN PINE BROOK INC.,<br><br>Defendant. | C.A. No. 15-0477-RGA |

**ALVOGEN PINE BROOK INC.'S**
**UNOPPOSED MOTION TO SEAL CERTAIN TRIAL EXHIBITS**

Of Counsel:
LEYDIG, VOIT & MAYER, LTD.
Steven H. Sklar
Gregory C. Bays
David M. Airan
J. Karl Gross
Nicole E. Kopinski
180 North Stetson Avenue, Suite 4900
Chicago, IL 60601
ssklar@leydig.com
gbays@leydig.com
dairan@leydig.com
kgross@leydig.com
nkopinski@leydig.com

Dated:  February 20, 2018

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Defendant*
*Alvogen Pine Brook, Inc.*

Defendant Alvogen Pine Brook Inc. ("Alvogen"), by and through its attorneys, pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, hereby moves for an order that certain trial exhibits be maintained under seal. Alvogen took care at trial to limit the number of admitted exhibits that revealed Alvogen's confidential information, and for those exhibits, made efforts to publish a minimal amount of information in the courtroom, often only publishing short, less than one-page excerpts of large multi-page documents.

Specifically, Alvogen seeks to seal the following exhibits, because they contain confidential information found in Alvogen's Abbreviated New Drug Application ("ANDA") and correspondence with the United States Food and Drug Administration ("FDA"):

- Exhibit documents PTX-1024, PTX-1052, PTX-1053, PTX-1055, PTX-1056, PTX-1057, PTX-1058, PTX-1059, and PTX-1450.

Alvogen also seeks to seal the following exhibits because they contain confidential information regarding the manufacturing process and manufacturing equipment used for Alvogen's ANDA product:

- Exhibit documents PTX-1063 and PTX-1066;
- Exhibits containing figures PTX-1395 through PTX-1403;
- Exhibits containing tables PTX-1404 through PTX-1419; and
- Exhibit video PTX-1095.

Alvogen further seeks to seal the following exhibits because they contain information regarding its formulation, research and development, test results, processes, and/or other confidential and proprietary information:

- Exhibit documents DTX-1081, DTX-1082, DTX-1536, and DTX-1537; and
- Exhibits containing figures PTX-1388 and DTX-1579.

These specific exhibits are listed on the parties' Joint List of Admitted Trial Exhibits, filed with the Court on February 6, 2018.  (D.I. 272.)  Physical copies of the exhibits listed on the parties' Joint List of Admitted Trial Exhibits also were provided to the Court on February 6, 2018.  (*Id*.)  A thumb drive containing electronic copies of the exhibits and the searchable, hyperlinked versions of the parties' post-trial briefing was provided to the Court on January 18, 2018.  (D.I. 271.)  Alvogen has conferred with Plaintiffs on the present motion, and Plaintiffs do not oppose Alvogen's motion to seal these exhibits.

## I.    BACKGROUND

The Court entered a Stipulated Protective Order to protect "the disclosure of certain documents, things, and information in the possession, custody or control of a Party or a non-party that constitute or contain trade secrets or other confidential research, development, manufacture, regulatory, financial, marketing or other competitive information."  (D.I. 28, at 1.)  The Stipulated Protective Order also provided that the parties will "meet and confer in good faith prior to trial to establish procedures concerning the use of material designated [under the Stipulated Protective Order] at trial."  (*Id*. at 7 ¶ 5.5.)

Under the terms of the Stipulated Amended Protective Order, the parties agreed that "CONFIDENTIAL" information would include "nonpublic information related to personal identifying data, such as email addresses and phone numbers, or other proprietary or commercially sensitive information."  (*Id*. at 2 ¶ 2.3.)  The parties also agreed that "HIGHLY CONFIDENTIAL" information would include "nonpublic information related to (1) New Drug Application No. 22-410; (2) ANDA 205954; (3) non-public correspondence with the FDA; and (4) information relating to the research and development of the product in Plaintiffs' NDA or ANDA 205954, and other highly sensitive information that the Producing Party, in good faith, believes should be so designated."  (*Id*. at 2–3 ¶ 2.4.)  The parties further agreed that "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information would include "nonpublic information related to (1) highly sensitive financial and economic information . . . ; (2) research, development and production, including current or future products . . . ; and (3) patent applications that are not yet published and information that constitutes a trade secret. (*Id*. at 3 ¶ 2.5.)

Pursuant to the Stipulated Amended Protective Order, the parties designated various documents in this litigation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

## II.    LEGAL STANDARD

As the United States Supreme Court recognized in *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." Thus, "[c]ourts generally protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's standing in the marketplace." *Mars, Inc. v. JCM Am. Corp*., No. CIV.05 3165 RBK, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) (quoting *Faulman v. Sec. Mut. Fin. Life Ins. Co*., No. CIV. 04-5083 (AET), 2006 WL 1541059, at *1 (D.N.J. June 2, 2006)); *see Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988); *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507–08 (D. Del. 2012).

Accordingly, Alvogen now respectfully requests the sealing of the following exhibits to protect its confidential information and to safeguard their standing in the marketplace: PTX-1024, PTX-1052, PTX-1053, PTX-1055 through PTX-1059, PTX-1063, PTX-1066, PTX-1095, PTX-1388, PTX-1395 through PTX-1419, PTX-1450, DTX-1081, DTX-1082, DTX-1536, DTX-1537, and DTX-1579.

III.    **ALVOGEN'S CONFIDENTIAL INFORMATION**

A.    **Confidential and Proprietary Information from Alvogen's ANDA**

Exhibits PTX-1024, PTX-1052, PTX-1053, PTX-1055, PTX-1056, PTX-1057, PTX-1058, PTX-1059, and PTX-1450 contain sensitive confidential information regarding Alvogen's ANDA product and development and the development efforts undertaken by Alvogen in formulating Alvogen's ANDA product.  (Ex. A, Declaration of Andrea Sweet, Esq. in Support of Defendant Alvogen Pine Brook, Inc.'s Motion to Seal Certain Trial Exhibits ("Sweet Decl.") at ¶¶ 7–10)

Specifically, exhibits PTX-1052, PTX-1053, PTX-1055, PTX-1056, PTX-1057, PTX-1058, and PTX-1059, which are each designated either "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY" under the Stipulated Protective Order (*id.* at ¶ 8.), are batch records from Alvogen's ANDA, describing, for example, the formulation, research and development, test results, processes, and other confidential and proprietary information regarding Alvogen's ANDA product (*id.* at ¶ 7.)

Exhibits PTX-1024 and PTX-1450, which are both designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" under the Stipulated Protective Order (*id.* at ¶ 10), are correspondence with the United States Food and Drug Administration ("FDA"), which contain highly confidential information about Alvogen's ANDA product, including information regarding formulation development, manufacturing equipment, testing, and results (*id.* at ¶ 9.)

Access to this confidential and proprietary information by competitors would cause commercial and competitive harm to Alvogen, because it would enable competitors to copy Alvogen's formulation and manufacturing processes.  (*Id.* at ¶ 24.)  Only a minimal amount or an

excerpted portion of these exhibits was temporarily published at trial. Therefore, Alvogen requests that these exhibits be maintained under seal.

###    B.    Confidential and Proprietary Information Regarding the Manufacturing Process and Equipment for Alvogen's ANDA Product

Alvogen also requests that exhibits PTX-1063, PTX-1066, PTX-1095, PTX-1395, PTX-1396, PTX-1397, PTX-1398, PTX-1399, PTX-1400, PTX-1401, PTX-1402, PTX-1403, PTX-1404, PTX-1405, PTX-1406, PTX-1407, PTX-1408, PTX-1409, PTX-1410, PTX-1411, PTX-1412, PTX-1413, PTX-1414, PTX-1415, PTX-1416, PTX-1417, PTX-1418, and PTX-1419 be maintained under seal.

Specifically, PTX-1095 is a highly confidential video of the inspection of Alvogen's manufacturing processes that includes the confidential and proprietary information from Alvogen's ANDA, such as the specific equipment, processes, and settings that Alvogen utilizes to manufacture its ANDA product. (*Id.* at ¶ 12.) PTX-1095 was provided in an expert report designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." (*Id.* at ¶ 13.)

Exhibits PTX-1063 and PTX-1066, which are designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" (*id.* at ¶ 15), contain sensitive confidential information regarding details of the manufacturing equipment and operating procedures for manufacturing Alvogen's ANDA product (*id.* at ¶ 14).

Exhibits PTX-1395 through PTX-1403 contain figures and exhibits PTX-1404 through PTX-1419 contain tables, all of which were provided in an expert report designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." (*Id.* at ¶ 16.) These figures and tables were created using confidential data regarding Alvogen's manufacturing process obtained from Alvogen's ANDA and from the supervised inspection of Alvogen's equipment, settings,

and processes. (*Id.* at ¶ 17.) The figures and tables include confidential photographic images and measurements obtained during the inspection. (*Id.* at ¶ 18.)

The exhibits discussed above contain sensitive, highly confidential information to Alvogen, and their permanent publication to competitors would cause commercial and competitive harm to Alvogen by allowing such competitors to copy Alvogen's manufacturing process for its ANDA product. (*Id.* at ¶ 24.) Only a minimal amount or an excerpted portion of these exhibits was temporarily published at trial. Therefore, Alvogen requests that these exhibits be maintained under seal.

**C.    Alvogen's Formulation, Research and Development, Test Results, Processes, and Other Confidential and Proprietary Information**

Alvogen also requests that exhibits PTX-1388, DTX-1081, DTX-1082, DTX-1536, DTX-1537, and DTX-1579 be maintained under seal. These documents contain information regarding Alvogen's formulation, research and development, test results, processes, and/or other confidential and proprietary information. (*Id*. at ¶ 19.)

Exhibits DTX-1081 and DTX-1082 are batch records from the production of Alvogen's ANDA product relied on by an expert in this case that include the formulation, processes, and other confidential and proprietary information regarding Alvogen's ANDA product. (*Id.* at ¶ 20.)

Exhibits PTX-1388, DTX-1536, DTX-1537, and DTX-1579 contain information and data presented by an expert in this case that include the testing results by experts on Alvogen's ANDA product and confidential and proprietary information regarding Alvogen's ANDA product. (*Id.* at ¶ 21.) Exhibits DTX-1081, DTX-1082, DTX-1536, and DTX-1537 are exhibits to an expert report that is designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY." (*Id.* at ¶ 22.) Exhibits PTX-1388 and DTX-1579 contain figures from an expert

report that is designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY."
(*Id.* at ¶ 23.)

The exhibits discussed above contain highly confidential information regarding
Alvogen's ANDA product and manufacturing process, and the permanent publication of this
confidential information to competitors would cause commercial and competitive harm to
Alvogen, allowing such competitors to copy Alvogen's ANDA product and its manufacturing
process. (*Id.* at ¶ 24.) Only a minimal amount or an excerpted portion of these exhibits was
temporarily published at trial. Therefore, Alvogen requests that these exhibits be maintained
under seal.

*     *     *

These exhibits described herein are designated as "HIGHLY CONFIDENTIAL" and
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in order to protect the
information from dissemination to third parties, and specifically from competitors who might
attempt to reproduce Alvogen's ANDA formulation and processes. (*Id.* at ¶¶ 25–27.) Alvogen
strictly guards its formulation, research and development, test results, processes, and other
confidential and proprietary information from disclosure to third parties in order to stop
competitors from copying and replicating Alvogen's efforts and thereby causing Alvogen
economic harm. (*Id.* at ¶¶ 29–30.) If such information were to become available to the public,
Alvogen's competitors would likely use the confidential information to enhance their positions
and to cause Alvogen to lose its competitive advantage in the highly competitive pharmaceutical
marketplace. (*Id.* at ¶ 28.)

Alvogen has endeavored to limit the number of admitted exhibits that need to be sealed.
In addition, to the extent that any of the exhibits-at-issue were used at trial, Alvogen sought to
ensure that only the minimum amount of information was published. For many of the exhibits-

8

at-issue, only small excerpts were published at trial.  Furthermore, any exhibits-at-issue that were published at trial were published only temporarily in the courtroom.  Therefore, Alvogen made an effort to limit the disclosure of the exhibits at issue to the public during trial.

Therefore, Alvogen seeks to seal the exhibits identified herein to prevent them from being permanently available to the public and Alvogen's competitors, as opposed to small excerpts temporarily published in the courtroom.  Alvogen respectfully submits that good cause exists for entry of the order sought herein for the reasons discussed above.

## IV.    CONCLUSION

For the foregoing reasons, as well as the fact that Plaintiffs do not oppose Alvogen's motion, Alvogen respectfully requests that the Court grant its Motion to seal the following exhibits listed in the Joint List of Admitted Trial Exhibits (D.I. 272) to protect its confidential and proprietary information and to safeguard its standing in the marketplace: PTX-1024, PTX-1052, PTX-1053, PTX-1055 through PTX-1059, PTX-1063, PTX-1066, PTX-1095, PTX-1388, PTX-1395 through PTX-1419, PTX-1450, DTX-1081, DTX-1082, DTX-1536, DTX-1537, and DTX-1579.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*Of Counsel:*

LEYDIG, VOIT & MAYER, LTD.   */s/ Dominick T. Gattuso*
Steven H. Sklar        Dominick T. Gattuso (#3630)
Gregory C. Bays        300 Delaware Avenue, Suite 200
David M. Airan         Wilmington, DE 19801
J. Karl Gross          (302) 472-7300
Nicole E. Kopinski       dgattuso@hegh.law
Two Prudential Plaza
180 North Stetson Avenue, Suite 4900  *Attorneys for Defendant*
Chicago, IL 60601       *Alvogen Pine Brook, Inc.*
(312) 616-5600
ssklar@leydig.com
gbays@leydig.com
dairan@leydig.com
kgross@leydig.com
nkopinski@leydig.com

Dated:  February 20, 2018