# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INDIVIOR INC., INDIVIOR UK LIMITED, and AQUESTIVE THERAPEUTICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN TECHNOLOGIES INC., MYLAN PHARMACEUTICALS INC. and MYLAN N.V., <br><br> Defendants. | C.A. No. 15-1016-RGA |
| INDIVIOR INC., INDIVIOR UK LIMITED, and AQUESTIVE THERAPEUTICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALVOGEN PINE BROOK, LLC , <br><br> Defendant. | C.A. No. 15-0477-RGA |

## **FINAL JUDGMENT**

Prior to this matter coming before the Court for trial on the merits, Plaintiffs Indivior Inc., Indivior UK Limited, and Aquestive Therapeutics, Inc. (collectively, "Plaintiffs") stipulated that, under the Court's Markman decision, Defendant Alvogen Pine Brook, LLC ("Alvogen") does not infringe any claim of U.S. Patent No. 8,017,150 ("the '150 Patent") as construed, and Alvogen elected not to pursue its invalidity counterclaims and defenses as to any of the patents-in-suit.

This matter having come before the Court for trial on the merits of all remaining issues in the above-captioned cases, namely to resolve the questions of whether Alvogen infringes any claim of U.S. Patent No. 8,900,497 ("the '497 Patent") or U.S. Patent No. 8,603,514 ("the '514 Patent"); and at trial, Plaintiffs asserted Claim 24 of the '497 Patent and Claims 62, 63, 65, 69, 71, and 73 of the '514 Patent against Alvogen, and Alvogen asserted counterclaims of non-infringement of the '497 and '514 Patents; and the Court having heard the testimony of the expert witnesses and having considered the evidence submitted by the parties; and the Court having reviewed the post-trial briefs of the parties;

**IT IS ORDERED AND ADJUDGED**, that Final Judgment is hereby entered in favor of Alvogen and against Plaintiffs, Indivior Inc., Indivior UK Limited, and Aquestive Therapeutics, Inc. that Alvogen's Abbreviated New Drug Application No. 205954 for 2 mg/0.5 mg, 4 mg/1 mg, 8 mg/2 mg, and 12 mg/3 mg dosage strengths, does not infringe asserted Claims 1, 4, 5, 8, and 9 of the '150 Patent;

**ORDERED AND ADJUDGED**, that Final Judgment is hereby entered in favor of Plaintiffs and against Alvogen, that asserted Claims 1, 4, 5, 8, and 9 of the '150 Patent were not shown to be invalid;

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated March 22, 2018 (No. 15-cv-1016, D.I. 283), that Final Judgment is hereby entered in favor of Alvogen and against Plaintiffs Indivior Inc., Indivior UK Limited, and Aquestive Therapeutics, Inc., that Alvogen's Abbreviated New Drug Application No. 205954 for 2 mg/0.5 mg, 4 mg/1 mg, 8 mg/2 mg, and 12 mg/3 mg dosage strengths does not infringe asserted Claims 62, 63, 65, 69, 71, and 73 of the '514 Patent;

**ORDERED AND ADJUDGED**, that Final Judgment is hereby entered in favor of Plaintiffs and against Alvogen, that asserted Claims 62, 63, 65, 69, 71, and 73 of the '514 Patent were not shown to be invalid;

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated March 22, 2018 (No. 15-cv-1016, D.I. 283), that Final Judgment is hereby entered in favor of Alvogen and against Plaintiffs Indivior Inc., Indivior UK Limited, and Aquestive Therapeutics, Inc., that Alvogen's Abbreviated New Drug Application No. 205954 for 2 mg/0.5 mg, 4 mg/1 mg, 8 mg/2 mg, and 12 mg/3 mg dosage strengths, and the commercial manufacturing process described therein, does not infringe asserted Claim 24 of the '497 Patent;

**ORDERED AND ADJUDGED**, that Final Judgment is hereby entered in favor of Plaintiffs and against Alvogen, that asserted Claim 24 of the '497 Patent was not shown to be invalid;

**ORDERED** that, except as provided herein, all other claims and counterclaims in this action are withdrawn and are dismissed with prejudice;

**ORDERED** that, in the event that any party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after final disposition of any such appeal; and it is further

**ORDERED** that, in the event that no party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered

timely if filed and served within thirty (30) days after the expiration of the time for filing a notice of appeal under Federal Rules of Appellate Procedure 3 and 4.

Dated: May 8, 2018

                                                   /s/ Richard G. Andrews
                                                   UNITED STATES DISTRICT JUDGE