IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INDIVIOR INC., INDIVIOR UK LIMITED, and AQUESTIVE THERAPEUTICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALVOGEN PINE BROOK INC, <br><br> Defendant. | Civil Action No. 15-cv-1016-RGA (Consolidated) |

## MEMORANDUM OPINION

Jack B. Blumenfeld, Jeremy A. Tigan, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE;

    Attorneys for Plaintiffs Indivior Inc., Indivior UK Limited, and Aquestive Therapeutics, Inc.

Jeffrey B. Elikan, Jeffrey H. Lerner, R. Jason Fowler, Erica N. Andersen, Matthew Kudzin (argued), COVINGTON & BURLING LLP, Washington, DC;

    Attorneys for Plaintiffs Indivior Inc. and Indivior UK Limited

James F. Hibey, STEPTOE & JOHNSON LLP, Washington, DC; Jamie Lucia, STEPTOE & JOHNSON LLP, San Francisco, CA;

    Attorneys for Plaintiff Aquestive Therapeutics, Inc.

Dominick T. Gattuso, HEYMAN ENERIO GATTUSO & HIRZEL LLP, Wilmington, DE; Steven H. Sklar (argued), Gregory C. Bays, David M. Airan, Nicole E. Kopinski, LEYDIG, VOIT & MAYER, LTD, Chicago, IL;

    Attorneys for Defendant

April 23, 2020

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before the Court is Defendant's Motion for Attorneys' Fees Under 35 U.S.C. § 285. (D.I. 311). The Court has considered the parties' briefing. (D.I. 312, 321, 323). The Court heard helpful oral argument. (D.I. 328).

**I.     BACKGROUND**

Plaintiffs brought the instant action against Alvogen for infringement of several composition and process patents on Suboxone Films. (D.I. 321 at 2). Two patents remained at issue at trial: U.S. Patent Nos. 8,603,514 ("the '514 patent") and 8,900,497 ("the '497 patent"). (D.I. 312 at 2). The '514 and '497 patents are directed toward the manufacture of buprenorphine/naloxone sublingual films. (*Id.*).

I issued a memorandum opinion providing and clarifying claim construction for multiple terms in the '514 and '497 patents. (D.I. 87). I held a two-day bench trial in September 2017. (D.I. 281; D.I. 282). I determined that Defendant did not infringe any asserted claim of the '514 and '497 patents. (D.I. 283 at 7). Defendant did not argue that the asserted claims of the '514 and '497 patents were invalid. (*Id.* at 4). Plaintiffs appealed from my decision that Defendant did not infringe the '514 patent. *Indivior Inc. v. Dr. Reddy's Labs., S.A.*, 930 F.3d 1325, 1331 (Fed. Cir. 2019). The Federal Circuit affirmed my finding that Defendant did not infringe the asserted claims of the '514 patent. *Id.* at 1340. Defendant now seeks attorneys' fees and costs. (D.I. 311).

**II.    LEGAL STANDARD**

The Patent Act provides that the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has defined an "exceptional" case as "simply one that stands out from others with respect to the substantive

1

strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  When considering whether a case is exceptional, district courts are to exercise their discretion on a case-by-case basis, considering the totality of the circumstances.  *Id.*  Relevant factors for consideration include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id.* at 554 n.6 (internal quotation marks omitted).  A movant must establish its entitlement to attorneys' fees under § 285 by a preponderance of the evidence. *Id.* at 557.

## III.   ANALYSIS

It is undisputed that Defendant is the prevailing party.  (D.I. 312 at 8; *see* D.I. 321).  Thus, I address whether the case is exceptional.

### 1.   "The Substantive Strength of a Party's Litigating Position"

In *Octane Fitness*, the Supreme Court rejected as "overly rigid" and "too restrictive" the Federal Circuit's previous § 285 case law requiring "*both* that the litigation is objectively baseless *and* that the plaintiff brought it in subjective bad faith."  572 U.S. at 555.  Instead, the Supreme Court held that "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award."  *Id.*

Defendant argues that Plaintiffs' infringement claims were baseless after the claim construction of the "drying" term and the Court's previous decision in the *Dr. Reddy's Laboratories* case.[1]  (D.I. 312 at 9).  Defendant asserts that, at the time that the *Dr. Reddy's*

---

[1] While I issued the claim construction on January 12, 2017, Defendant states that August 31, 2017, the date of my decision in the *Dr. Reddy's Laboratories* case, was the "bright line" at least after which the case became exceptional.  (D.I. 312 at 1).  The *Dr. Reddy's Laboratories* ruling

2

*Laboratories* opinion issued, "there was no dispute that [Defendant's] drying process applied air solely from the top" as did the drying process in *Dr. Reddy's Laboratories*. (*Id.* at 10). Defendant avers that Plaintiffs therefore should have known that their infringement arguments would fail in the instant case as they did in the previous one.[2] (*Id.* at 11).

While the drying process used in *Dr. Reddy's Laboratories* may have been similar to the one in the instant case, this fact did not render the instant case "exceptionally meritless." The equipment used in the drying process in the instant case, the modified flotation dryer, was different from the dryer used in *Dr. Reddy's Laboratories* and could plausibly have resulted in bottom drying as part of the drying technique. Even though I ultimately determined that there was insufficient evidence of substantial bottom drying and that Defendant's drying techniques were not unconventional, it was not unreasonable for Plaintiffs to go to trial on that issue. (D.I. 283 at 7, 14). Based on the trial record, it was certainly an uphill battle for Plaintiffs to prove that Defendant's drying process included unconventional bottom drying, but it was not clear to me at trial that Plaintiffs' position was completely meritless.[3]

---

occurred almost twenty-two months after the instant suit was filed and twenty-five days before the trial took place. Exceptional cases can arise from "a single, isolated act," and thus can arise from an act (and subsequent conduct in conformity with the act) occurring late in the case. But the question is not whether the act is exceptional, the question is whether the case as a whole, including the act, is exceptional. *See Intellectual Ventures I LLC v. Trend Micro Inc.*, 944 F.3d 1380, 1384 (Fed. Cir. 2019). As is permissible, and showing good judgment, Defendant only seek fees for their expenses, estimated to be about $1,300,000, incurred between September 1, 2017 and January 25, 2018, when post-trial briefing finished. (D.I. 312 at 16).

[2] Defendant points out that it asked Plaintiffs to stipulate to a judgment of non-infringement shortly after I issued the *Dr. Reddy's Laboratories* opinion. (D.I. 312 at 3; *see* D.I. 313, Ex. 2). Defendant also states that it "put Plaintiffs on notice that they would seek attorneys' fees if Plaintiffs forced [Defendant] to defend itself at trial." (D.I. 312 at 3). It is possible that Plaintiffs could have, and perhaps should have, stipulated to non-infringement when Defendant asked, but I cannot say that was the only reasonable course of action.

[3] I note that the claim construction issue relating to the dried/drying limitation was, in my opinion, a close one, and one with which I struggled during the litigation of this case and the related cases.

Defendant also argues that Plaintiffs' case was meritless with respect to the "visco-elastic film" limitation. (D.I. 312 at 13). Defendant asserts that, after abandoning the TGA evidence, Plaintiffs proceeded to trial without a theory for how to prove infringement of the "visco-elastic film" limitation, showing weakness in Plaintiffs' litigation position. (*Id.* at 16).

Although I found Dr. Prud'homme's manual slope calculations to be imprecise and not statistically significant, this does not mean that Plaintiffs lacked an infringement theory or presented an exceptionally meritless case. (D.I. 283 at 25). Dr. Prud'homme did not do a rigorous analysis; he did not use linear regression and he relied on too few data points. (*See id.*). I am still puzzled about that. The consequence was that I was not persuaded by his testimony and therefore did not find that Plaintiffs had met their burden of proving infringement for the "visco-elastic film" limitation. (*Id.* at 26). Discounting an expert's testimony is not an exceptional situation as many ANDA cases "hinge on the credibility of the expert witnesses." *AstraZeneca AB v. Aurobindo Pharma Ltd.*, 232 F. Supp. 3d 636, 649 (D. Del. 2017). Furthermore, the Federal Circuit has noted that "a strong or even correct litigating position is not the standard by which we assess exceptionality." *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1180 (Fed. Cir. 2018).

Defendant may have chosen to pursue the case differently had it been in Plaintiffs' position, but the evidence to which Defendant points does not show that Plaintiffs' litigating position was one of exceptional weakness. Nor do I find that Plaintiffs' case was brought in bad faith. Therefore, I will not grant attorneys' fees on the basis of the lack of substantive strength of Plaintiffs' litigating position.

2.  **"The Unreasonable Manner in Which the Case was Litigated"**

In *Octane Fitness*, the Supreme Court clarified that a party's litigation conduct need not be independently sanctionable in order to justify an award of attorney fees under § 285. 572 U.S. at 546 ("[A] district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees."). The Federal Circuit has held that *Octane Fitness* "gave no indication that [the Federal Circuit] should rethink [its] litigation misconduct line of § 285 cases" and stated that "district courts can turn to [] pre-*Octane Fitness* case law for guidance" regarding such arguments. *SFA Sys., LLC v. Newegg Inc.,* 793 F.3d 1344, 1349 (Fed. Cir. 2015). "[L]itigation misconduct and unprofessional behavior may suffice, by themselves, to make a case exceptional under § 285." *Monolithic Power Sys. Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1366 (Fed. Cir. 2013) (internal quotation marks omitted).

"[M]any forms of misconduct can support a district court's exceptional case finding, including . . . litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit; or willful infringement." *Id*. In *Monolithic Power*, the Federal Circuit upheld a district court's exceptional case finding based on "an overall vexatious litigation strategy and numerous instances of litigation misconduct . . . ." *Id.* at 1367. The plaintiff in *Monolithic Power* offered false testimony, attempted to cover up its false testimony, and engaged in a litigation strategy—over the course of a decade—of suing the same accused infringer's customers "to prompt" a declaratory judgment action from the supplier, only to move to dismiss the cases "after substantial litigation had taken place." *Id.* Likewise, in *Eon-Net LP v. Flagstar Bancorp*, the Federal Circuit upheld a district court's exceptional case determination based upon "[plaintiff's] pursuit of baseless infringement claims, [] improper purpose of bringing the lawsuit

against [defendant] to obtain a nuisance value settlement, [] destruction of evidence, and []offensive litigation tactics." 653 F.3d 1314, 1320, 1324-26 (Fed. Cir. 2011).

Defendant argues that Plaintiffs failure to abandon the TGA evidence in support of its "visco-elastic film" infringement theory until the eve of trial amounted to litigation misconduct. (D.I. 312 at 15). Defendant asserts that this evidence was "neither relevant nor reliable" and that Plaintiffs should have dropped it before causing Defendant to "expend[] significant time and resources in preparing to defend against the evidence at trial." (*Id.* at 14-15). Defendant "maintains that Plaintiffs knew or should have known that the TGA evidence failed to meet even minimal standards of reliability as soon as it conducted the testing." (D.I. 323 at 9).

Choosing to narrow the issues for trial does not constitute litigation misconduct.[4] I do not infer from Plaintiffs' choice to drop the TGA evidence that they conceded it to be frivolous or that it should have been abandoned at an earlier point. Had Plaintiffs abandoned the TGA evidence earlier it may have been easier on Defendant, but that is not generally a consideration for awarding attorneys' fees. Defendant points to my decision in the *Dr. Reddy's Laboratories* case as the "last straw with regard to the merits of the TGA evidence in [the instant] case." (D.I. 323 at 9). In that case, I found the TGA experiments to be "of very limited value." (No. 14-1451, D.I. 312 at 28). If that opinion, issued on August 31, 2017, was the turning point after which Defendant argues that Plaintiffs should have dropped the TGA evidence, it does not seem

---

[4] I note that Defendant too dropped issues for trial, including its invalidity case. (D.I. 235 at 3). I do not infer that Defendant thought its invalidity case was frivolous. In hindsight, it is pretty likely that this was just excellent lawyering. Defendant recognized that it had a very strong non-infringement case and that its best course of action in the limited time permitted for trial was to drop its relatively less promising arguments.

like misconduct that Plaintiffs did so a few weeks later.  For Plaintiffs to have taken three weeks[5] to decide to abandon the TGA evidence certainly does not rise to the level of "vexatious, unjustified, and otherwise bad faith litigation."  *Monolithic Power*, 726 F.3d at 1367.  Defendant thus has not demonstrated by a preponderance of the evidence that this case "stands out from others with respect to the . . . unreasonable manner in which the case was litigated."  *Octane Fitness*, 572 U.S. at 554.  Therefore, I will not grant attorneys' fees on that basis.

## IV.    CONCLUSION

For the reasons stated above, Defendant's Motion for Attorneys' Fees Under 35 U.S.C. § 285 (D.I. 311) is DENIED.  An accompanying order will issue.

---

[5] In the Trial Stipulation, filed September 23, 2017, Plaintiffs agreed "not to present TGA experimental evidence at trial."  (D.I. 235 at 3).  I understand this to be the date that Defendant considers the evidence to have been dropped.  (D.I. 312 at 14).